UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL P. HOLLINS,

           Petitioner,

     v.

BALANOS,

           Respondent.

Case No. 18-cv-05048-PJH

**ORDER OF DISMISSAL**

Re: Dkt. Nos. 3, 5

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in San Mateo County which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has filed an application to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"

Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

Petitioner states that he was sentenced on June 29, 2018, to three years to be served in a state mental hospital. In this petition he argues that there was a conflict with his attorney who recommended competency proceedings in retaliation for a prior lawsuit plaintiff filed against him. He also argues that proper state procedures were not followed in the competency proceedings. Plaintiff concedes that he has not exhausted his claims in state court.

Before petitioner may challenge either the fact or length of his confinement in a habeas petition in this court, he must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.* None of the claims have been exhausted. Petitioner may bring these claims in federal court once they have been exhausted in state court.

To the extent petitioner seeks this court to interfere with ongoing state proceedings, any such request is denied. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted, *see Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975). Petitioner has not demonstrated extraordinary circumstances in this case to warrant intervention.

United States District Court
Northern District of California

**CONCLUSION**

1.      The motion to proceed in forma pauperis (Docket Nos. 3, 5) is **GRANTED**.

2.      The petition is **DISMISSED** without prejudice and petitioner may file a new petition when the claims are exhausted.  Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 26, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL P. HOLLINS,

         Plaintiff,

    v.

BALANOS,

         Defendant.

Case No. 18-cv-05048-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 26, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael P. Hollins
1165456
MMC
300 Bradford Street
Redwood City, CA 94063

Dated: September 26, 2018

Susan Y. Soong
Clerk, United States District Court

By:_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON